[Crim. No. 20934. Dec. 10, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD EUGENE LANPHEAR, Defendant and Appellant.

[Crim. No. 21167. Dec. 10, 1980.]

In re RONALD EUGENE LANPHEAR on Habeas Corpus.

OPINION

THE COURT.—The Supreme Court of the United States on October 6, 1980, issued its order and judgment that "the judgment of the... Supreme Court [of California] in this cause is vacated, and that cause is remanded to the Supreme Court of California for further consideration in light of *Adams* v. *Texas*, 448 U.S. 38 (1980)."

Pursuant to this mandate we have reexamined our opinion in this case (reported at 26 Cal.3d 814 [163 Cal.Rptr. 601, 608 P.2d 689]) in light of *Adams* v. *Texas*. Our opinion rests upon the conclusion that jurors Holley and Hayter were improperly excluded from the jury under the standard established in *Witherspoon* v. *Illinois* (1968) 391 U.S. 510, 522, footnote 21 [20 L.Ed.2d 776, 785, 88 S.Ct. 1770], that a juror may be excluded only if it is "'unmistakably clear'" that he or she "'would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial.'" *Adams* v. *Texas, supra,* 448 U.S. 38, 44 [65 L.Ed.2d 581, 589, 100 S.Ct. 2521] does not alter this conclusion. Inasmuch as we conclude that it is unnecessary to alter our prior opinion, we reiterate it in its entirety.

Respondent's petition for a rehearing was denied January 22, 1981.