714 P.2d 66

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Miles A. "Mike" KIRKWOOD, Defendant-Appellant.**

**No. 15069.**

Court of Appeals of Idaho.

Jan. 24, 1986.

Petition for Review Granted April 10, 1986.

Timothy J. Gass, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Miles A. "Mike" Kirkwood was convicted by a jury of first degree murder in the stabbing death of his former wife. He received an indeterminate life sentence. Kirkwood appeals his conviction raising four issues: (1) that the trial court erred in not making findings of fact and not ruling on his motion to suppress his confessions; (2) that Kirkwood's first confession was involuntary and should have been suppressed; (3) that Kirkwood's second confession was inadmissible as being the direct result of the first involuntary confession; and (4) that the evidence was insufficient to sustain the conviction. We hold that the trial court did err in failing to make findings of fact and in failing to rule on the motion to suppress. Because of our holding, we do not reach the remaining issues. We vacate the judgment and remand with directions for the trial court to make the findings and to rule on the motion.

Kirkwood was convicted by a jury of first degree murder for stabbing his ex-wife to death in her home. The record shows that Kirkwood, on the day of the divorce from his ex-wife, went to her home to have her sign some tax forms. Kirkwood was at the house for several hours with his ex-wife. As she prepared to go to bed, Kirkwood stabbed her several times

with a knife he had taken into the house with him. The victim later died in the hospital. Police arrested Kirkwood at the house and took him to the Ada County Jail. At the jail, Kirkwood gave two statements admitting the killing. Prior to questioning, Kirkwood was read his *Miranda* rights. He also signed documents acknowledging that he had been given these rights and that he understood them.

Prior to trial, Kirkwood moved to suppress the confessions. After a suppression hearing, the trial judge indicated that he was taking the matter under advisement and would notify both parties prior to trial of his decision. However, the record does not reflect that the trial judge made any decision or entered any order denying or granting Kirkwood's motion to suppress. Nor did the judge make any findings of fact as to the motion. Trial of the case proceeded twelve days after the suppression hearing. Both parties and the court proceeded as if the motion had been denied. During trial, defense counsel did not object to the admission of the taped confessions. On appeal, Kirkwood alleges that failure to make findings or to rule on the suppression motion was error. Kirkwood requests that the case be remanded (1) for a new suppression hearing or (2) for written findings and a decision on the previous motion to suppress. We agree that there was error, and we grant Kirkwood's second request based on the following reasons.

A central theme in Kirkwood's allegations of error concerning the confessions is that his first confession was not voluntary. Within this rubric he challenges the judge's failure to make findings of fact and his failure to decide the motion on the record. As to the failure to render a decision, it appears to us that the trial judge inadvertently failed to issue an order denying the motion and proceeded with the trial.[1] When the confession was admitted at trial, the defense counsel did not object to

---

1. At oral argument, counsel for the State presented a letter from the district judge stating that the motion had been denied. However, defense counsel said he had no record of such a letter nor is that letter part of the record before

us. This Court is restricted to the record before it and considers only those matters in the record. *Schneider v. Curry,* 106 Idaho 264, 678 P.2d 56 (Ct.App.1984).

its admission. However, because of the fundamental nature of the alleged error, we do not see that the resolution of this issue hinges on Kirkwood's failure to object. *See State v. Williams,* 103 Idaho 635, 651 P.2d 569 (Ct.App.1982). Due process requires that a defendant's conviction not be the result of the use of an involuntary confession, regardless of whether the confession is true or not. *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct 735, 5 L.Ed.2d 760 (1961). In a similar vein, a defendant is entitled to a "fair hearing and a reliable determination on the issue of voluntariness." *Jackson v. Denno,* 378 U.S. 368, 377, 84 S.Ct. 1774, 1781, 12 L.Ed.2d 908 (1964); *State v. Wyman,* 97 Idaho 486, 547 P.2d 531 (1976); *State v. Ortega,* 95 Idaho 239, 504 P.2d 466 (1973). Therefore, we refuse to proceed with review while such a critical factor remains undetermined.

■ Our primary concern is the judge's failure to make any factual findings for the record and how this failing fits within the context of I.C.R. 12(d). I.C.R. 12(d) provides:

> (d) Rulings on motion. A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. When factual issues are involved in the determination of a motion, the court, *upon the request of any party,* shall make its findings thereon. [Emphasis added.]

Thus, unless requested by a party, the judge has no affirmative duty to make specific findings of fact. Kirkwood has cited cases from Colorado and Arizona indicating that a judge is required to make findings of fact when ruling on a motion to suppress.[2] However, those requirements stem from established case law, not from any statutory requirement. Also, there appears to be no procedural rule analogous to our Rule 12(d) in either state's criminal rules which would raise the issue we are presented with.

■ Therefore, we must decide for ourselves whether a judge, when confronted with a motion to suppress a confession alleged to be involuntary, must make specific findings of fact as part of the record. Requiring these findings would be an exception to the Rule 12(d) provision necessitating a request for findings by a party. We hold that such an exception is called for and that the trial judge must make these factual findings. As an appellate court, we cannot resolve the ultimate question of voluntariness unless we know the basic facts—who did what, and who said what to whom. On these basic facts, where evidence is conflicting, we need findings by the trial judge. We will defer to those findings under a "clear error" standard and will reach our own independent conclusion as to whether these facts demonstrate voluntariness. Also, we must recognize that findings of fact play an important role in ancillary matters such as habeas corpus proceedings. *See Miller v. Fenton,* 54 U.S. L.W. 4022 (Dec. 3, 1985).

Review of the suppression hearing record discloses conflicts between Kirkwood's testimony and that of the police officers. Kirkwood testified that police actions the evening of the murder, such as threatening to "blow his head off," scared Kirkwood, and that he thought he was going to be beaten by the police unless he confessed. Kirkwood also testified that he did not understand his *Miranda* rights when they were recited to him or when he signed the documents. He also testified that he was locked in a "little room with a bed and a toilet" for what seemed like an "eternity." Other testimony by Kirkwood indicated that although he was afraid, he did not want to show that fear to the police for fear of being beaten. This assertedly explained why Kirkwood acted calm and collected during the questioning by police.

2. We note that in one of these cases, *Espinoza v. Colorado,* 178 Colo. 391, 497 P.2d 994 (1972), the appellate court vacated the judgment of conviction and ordered the trial court to make findings of fact and to determine the voluntariness of the confession. Depending upon that finding, the trial court was authorized by the appellate court to reinstate the vacated conviction or grant a new trial to the defendant.

Police testimony denied events such as the threat to "blow Kirkwood's head off." In contrast, police testimony was that Kirkwood seemed to be "very, very literate and very able to comprehend what was going on, what was being said, and the whole state of procedure at that point." Other police testimony established that Kirkwood was not threatened with beating and that he had "no hesitancy whatsoever" about answering questions. The trial court should have resolved these conflicts in testimony by assessing the credibility of the witnesses and determining the basic facts.

We therefore vacate the judgment of conviction and remand to the trial court. The trial court is directed to make findings of fact and determine if the confessions were voluntary. If the confessions are found to be voluntary, the judgment should be reinstated. If the confessions were involuntary, Kirkwood is to be given a new trial with the confessions excluded from evidence. The judgment is vacated and the case remanded for further proceedings consistent herewith.

BURNETT and SWANSTROM, JJ., concur.