726 P.2d 735

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Miles "Mike" KIRKWOOD, Defendant-Appellant.**

**No. 16413.**

Supreme Court of Idaho.

Sept. 26, 1986.

Timothy J. Gass, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

The issue on appeal is whether the Court of Appeals incorrectly refused to enforce I.C.R. 12(d), a rule of procedural default, by requiring the trial court to render findings of fact as to the voluntariness of the defendant's confession where findings were not requested by either of the parties.

Miles "Mike" Kirkwood was convicted by a jury of first-degree murder for stabbing his ex-wife to death in her home. Police arrested Kirkwood at the house and took him to the Ada County jail, where he gave two statements admitting the killing. The record contained conflicting evidence regarding whether the first confession was involuntarily induced by coercive treatment by the police. Accordingly, Kirkwood asserted that the second confession was "fruit of the poisonous tree" and, thus, also inadmissible. Kirkwood was read his *Miranda* rights prior to both statements and signed documents acknowledging that he had been given those rights and that he understood them.

Prior to trial, Kirkwood moved to suppress the confessions. The trial judge took the motion under advisement and instructed both parties that he would inform them of his decision prior to trial. It appears from the record that the trial judge inadvertently failed to rule on the motion, and proceeded as if the motion had been denied, admitting the confessions.[1] During the trial, defense counsel did not object to the admission of the taped confessions, and the trial proceeded twelve days after the suppression hearing without the court having ruled on the motion. Subsequently, Kirkwood was convicted by a jury of first-degree murder.

On appeal, the Court of Appeals ruled that the trial court's failure to make factual findings as to whether the confessions were voluntary, necessitated that Kirkwood's conviction be vacated and the case remanded to the trial court for findings of fact.

The Court of Appeals, in ruling that such findings of fact constituted an exception to the I.C.R. 12(d) requirement providing that the trial court make factual findings only "upon the request of any party," held that an appellate court could not resolve the

1. In the Court of Appeals at oral argument, counsel for the State presented a letter from the district court judge stating that the motion had been denied. However, defense counsel said he had no record of such a letter nor is such a letter part of the record before us.

ultimate question of voluntariness without some "basic facts." The Court of Appeals, in vacating the judgment of conviction and remanding, 110 Idaho 97, 714 P.2d 66, directed the trial court to make findings of fact as to whether the confessions were voluntary.

We set aside the decision of the Court of Appeals and affirm the judgment of conviction.

I.C.R. 12(d) provides:

**Ruling on motion.**—A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. When factual issues are involved in the determination of the motion, the court, *upon the request of any party*, shall make its findings thereon. (Emphasis added).

Rule 12(e) further provides:

**Effect of failure to raise defenses or objections.**—*Failure by the defendant to raise defenses or objections or to make requests* which must be made prior to trial, or at the time set by the court pursuant so subsection (c), or prior to any extension thereof made by the court, *shall constitute waiver thereof,* but the court for cause shown may grant relief from the waiver. (Emphasis added).

This Court has held that the question of voluntariness is controlled by *State v. Dillon,* 93 Idaho 698, 471 P.2d 553 (1970), cert. den.; *Dillon v. Idaho,* 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971), which established the rule that the question of the "voluntariness [of defendant's statement] is, in the first instance, a question of law for the trial court." *State v. Mitchell,* 104 Idaho 493, 495, 660 P.2d 1336, 1338, cert. den.; *Mitchell v. Idaho,* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). In *Dillon, supra,* we adopted the so-called "Massachusetts rule" holding that:

"[t]he trial court in the absence of the jury resolves the issue of voluntariness and then determines the admissibility of a criminal defendant's statements. The trial court must find them to have been shown to be admissible by a preponderance of the evidence." *Dillon,* [93 Idaho] at 709–10, 471 P.2d at 564–65 (footnote omitted).

Although not conclusive, an express written statement waiving *Miranda* rights is usually strong proof of voluntary waiver. *State v. Padilla,* 101 Idaho 713, 719, 620 P.2d 286, 292 (1980). Additionally, "[I]n [a suppression hearing] the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court." *People v. Lawler,* 9 Cal.3d 156, 107 Cal.Rptr. 13, 15, 507 P.2d 621, 623 (1973). The implicit findings of the trial court, (i.e., that statements of the defendant made to the police were voluntary and should not be suppressed) should be overturned only if not supported by substantial evidence. *See Mitchell, supra* 104 Idaho at 500, 660 P.2d at 1341.

The Supreme Court of California has stated that on appeal of a motion to suppress evidence:

"[a]ll presumptions favor the [trial court's] exercise of [the power to weight the evidence and draw factual inferences] and the trial court's findings on such matters, *whether express or implied,* must be upheld if they are supported by substantial evidence." *Lawler,* 507 P.2d at 623 (emphasis added).

Kirkwood claims that motions to suppress evidence are governed by the "fundamental error" doctrine, which, in effect, would preclude the defense attorney from ever waiving any objection. In *State v. Kelly,* 106 Idaho 268, 678 P.2d 60 (Ct.App. 1984) cert. den. and *Kelly v. Idaho,* 469 U.S. 918, 105 S.Ct. 296, 83 L.Ed.2d 231 (1984), the Court of Appeals addressed this argument, noting that:

"[s]uppression of evidence is a matter required by Rule 12, I.C.R., to be raised before trial. If an issue relating to suppression of evidence is not timely raised before trial, it is waived. A district

court, as a matter of discretion, may—but is not required to—consider the issue later. [Citations omitted]. However, *where—as here—the asserted error relates not to infringement upon a constitutional right, but to violation of a rule or statute, we hold that the "fundamental error" doctrine is not invoked." Id.* 106 Idaho at 277, 678 P.2d at 69. (Emphasis added).

However, even "fundamental rights" may be waived. As the Supreme Court of Washington noted, the fact that the rights are of constitutional magnitude does not prevent a waiver. *State v. Myers,* 545 Wash.2d 538, 545 P.2d 538, 543 (1976). See, e.g., *Rasmussen v. Tahash,* 272 Minn. 539, 141 N.W.2d 3 (1965) (Defendant waived right to object to the introduction of confession by not requesting a hearing on the voluntariness of his confession); *State v. McDaniel,* 136 Ariz. 188, 665 P.2d 70 (1983) (the failure to object to offer of evidence is a waiver of any ground of complaint against its admission); *State v. Miles,* 233 Kan. 286, 662 P.2d 1227 (1983) (absent some objection or motion by defendant to the admission of his confession or admission, the United States Constitution does not require a hearing on voluntariness to be held prior to the confession's admission into evidence).

■ In *Myers, supra,* the trial judge, despite a rule requiring the formal entry of written findings of fact, "did not make any findings on the question of whether the statements were voluntarily made, and no formal written findings were otherwise made. The appellant contend[ed] that under these circumstances ... the case should be remanded for a determination of whether the statements in question were made voluntarily." 545 P.2d at 543. The court noted that since no objection was made, the conduct of the appellant was sufficient to constitute an effective waiver. 545 P.2d at 543. In light of the authority cited, Kirkwood's failure to object at trial to the admission of his confession was an effective waiver to a complaint that such confession was not voluntarily made.

Kirkwood next argues that *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) stands for the proposition that the accused must have a clear-cut and reliable determination of the voluntariness of his confession before it can be introduced against him at trial, apparently contending that a failure to render an explicit determination obviates his waiver. The U.S. Supreme Court, however, has addressed and rejected this argument. In *Wainright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 reh. den., 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977), the defendant urged, as does Kirkwood, that *Jackson v. Denno, supra,* requires a voluntariness hearing despite defendant's failure to object. In rejecting this argument, Justice Rehnquist, speaking for the majority noted that:

Respondent ... urges that a defendant has a right under *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), to a hearing as to the voluntariness of a confession, even though the defendant does not object to its admission. But we do not read *Jackson* as creating any such requirement. In that case the defendant's objection to the use of his confession was brought to the attention of the trial court, ... and nothing in the Court's opinion suggests that a hearing would have been required even if it had not been. To the contrary, the Court prefaced its entire discussion of the merits of the case with a statement of the constitutional rule that was to prove dispositive—that a defendant has a "right at some stage in the proceedings *to object* to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness...." *"Language in subsequent decisions of this Court has reaffirmed the view that the Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession."* Wainright, su-

*pra,* at 86, 97 S.Ct. at 2506 (Citations and footnote omitted. Emphasis added.).

The Court went on to note that the "Florida procedure [requiring contemporaneous objection] did, consistently with the United States Constitution, require that respondents' confession be challenged at trial or not at all, and thus ... failure to timely object to its admission amounted to an independent and adequate state procedural ground which would have prevented direct review here." *Id.* at 86–7, 97 S.Ct. at 2506.

The rationale of this rule may be justified when one realizes that the failure to make objection is often a matter of trial tactics—an effort by the defendants' counsel to "create error" at the trial court level. Generally, the failure to make objection is a matter of trial tactics as to which the court will not exercise judicial hindsight. *People v. Lanphear,* 28 Cal.3d 463, 171 Cal.Rptr. 505, 622 P.2d 950 (1980), appeal after remand, 36 Cal.3d 163, 203 Cal.Rptr. 122, 680 P.2d 1081 (1984) (disapproved on other grounds) in *Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

As this Court noted in *Shaddy v. Daley,* 58 Idaho 536, 76 P.2d 279 (1938), "[i]f, during the course of a trial, counsel for one of the parties' litigant is guilty of conduct which counsel for the other party believes is prejudicial to his client's rights, it is the duty of the latter to make objection thereto, and to ask that the jury be instructed to disregard it, or to move for an order declaring a mistrial. *A litigant is not permitted to remain silent under such circumstances with a view of accepting the benefits of a judgment if he wins and of having it vacated and set aside if he loses* [citations omitted]." 76 P.2d 279, 281 (emphasis added).

■ We hold, therefore, that I.C.R. 12(d), does not require the trial court to render explicit findings of fact as to the voluntariness of the defendant's confession, where none are requested by either of the parties, and, as here, admission of the confession at trial operated, *ipso facto,* as a ruling that the confession was voluntarily made.

Due to our holding today, and the implicit ruling of the District Court, i.e., that Kirkwood made a knowing, intelligent, and voluntary confession, we address the second issue briefed by counsel for the appellant summarily. Kirkwood's first confession was found, implicitly, by the trial court to be voluntary. Accordingly, Kirkwood's contention that his second confession was a direct product of his first allegedly illegally obtained confession, must fail.

■ Kirkwood next challenges the sufficiency of the evidence to support the jury finding the existence of a deliberate and premeditated killing beyond a reasonable doubt. In matters relating to the sufficiency of evidence, the scope of appellate review is limited. A judgment of conviction will not be set aside on appeal if there is substantial, competent evidence to support it. *State v. Horn,* 101 Idaho 192, 610 P.2d 551 (1980); *State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979). Where the evidence is not legally insufficient, the determination of premeditation rests entirely with the trier of fact. *State v. Foley,* 95 Idaho 222, 506 P.2d 119 (1973). "On appeal, where a defendant stands convicted, [the court will] view the evidence most favorably to the prosecution. [Citation omitted]. A mere possibility of innocence will not invalidate a verdict of guilty on appeal." *State v. Fenley,* 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct.App.1982).

■ Kirkwood's own statements established substantial and competent evidence of premeditation. Upon his arrest, Kirkwood told the arresting officer that he had entered his ex-wife's home with a concealed knife. Before killing his ex-wife, Kirkwood told her that he was going to kill her. Kirkwood also testified that his ex-wife had not allowed him to see his children for two weeks, and that she had been cheating on him. Additional testimony indicated that Kirkwood had attempted to purchase a gun for the purpose of killing his ex-wife. Ac-

cordingly, the jury's verdict is supported by substantial and competent evidence.

The decision of the Court of Appeals is set aside and the judgment of conviction is affirmed.

DONALDSON, C.J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

I write to express my disappointment with the majority who today sanctions the inadequate handling of the record by a trial judge. Instead of criticizing the trial court for not ruling on the record on a critical motion to suppress, four members of this Court go to great lengths to show that the defendant somehow waived his Fifth Amendment right not to be convicted on the basis of potentially coerced confessions.

First, a word about our relationship with the state's Court of Appeals is in order. This appeal was first heard by that court, *State v. Kirkwood,* 110 Idaho 97, 714 P.2d 66 (Ct.App.1986). This case was assigned to the Court of Appeals.

It makes little sense, in terms of judicial economy, to delegate criminal cases to the Court of Appeals and then routinely overturn their decisions. *See, e.g., State v. Langley,* 110 Idaho 895, 719 P.2d 1155 (1986); *State v. Lewis,* 107 Idaho 616, 691 P.2d 1231 (1984); *State v. Wilson,* 107 Idaho 506, 690 P.2d 1338 (1984). This is particularly so in this case, where the Court of Appeals was unanimous in its sober, judicial decision of remanding the case for factual findings on the record as required by then I.C.R. 12(d) under the circumstances of this case.

There is no question that Kirkwood asked for, and received, a pretrial hearing on the admissibility of two tape recorded confessions. The transcript of that hearing occupies an entire volume of the thirteen-volume record on appeal. The hearing occurred more than two weeks prior to trial. No waiver, therefore, of Kirkwood's objection to the admissibility of these confes-

sions can be predicated upon I.C.R. 12(e) as the majority opinion implies with its underscoring added to the rule. The rule obviously applies to pretrial objections, not to failures to object in the course of trial.

To my mind, Kirkwood's request for, and Judge Newhouse's granting of, the pretrial hearing also should satisfy the language of I.C.R. 12(d) that is here at issue: "When factual issues are involved in the determination of a motion, the court, upon the request of any party, shall make its findings thereon." The decision to admit evidence of a disputed confession presents a question of law and of fact. The ultimate admissibility of the confession is a question of law for the court. However, the voluntariness of the confession, which determines its admissibility, is a question of fact for the judge sitting as a fact-finder.

This Court could easily have construed the rule to mean that implicit in a request for a factual hearing is also a request for a determination of the matter before the court. That determination will ordinarily be by a decision which generally will be referred to as a memorandum decision or memorandum decision and order. Implicit in any such decision on the motion is that the court necessarily has to make and include its findings of fact where there is a factual conflict. A court cannot reach and make a decision without resolving a factual conflict. Why the makers of the rules fail to recognize the obvious is beyond my powers of comprehension. The bit in the rules relative to requesting findings is just so much surplusage in a much overburdened and oft-amended rule—unless the intent of the provision is to specifically require written findings other than bench remarks in lieu thereof. Beginning well over a hundred years ago, practitioners in Idaho well understood that the very word "decision" importuned the obligation to make findings of fact and conclusions of law. 1881 Code of Civil Procedure, § 390, former I.C. 10–302, I.R.C.P. 52(a). The defendant made a proper motion as required by Rule 12(d).

Only had he not done so would the waiver provisions of 12(d) come into play. There is nothing in the rule—nor should there be—which requires either a prosecutor or a defense attorney to insist of a judge that the latter do what he is obliged to do, *i.e.*, render a decision on the motion presented. Any attorney of even limited trial experience quickly learns therefrom or by teachings of older practitioners that it is not wise to bait a judge with an inquiry concerning a long overdue decision. The practitioner who does so will usually get an immediate ruling, and it will ordinarily be against his client. Here it is beyond cavil that Kirkwood not only requested a pretrial suppression hearing, but was accorded one—making the circumstance entirely dissimilar to the Washington, Minnesota, Arizona, and Kansas cases irrelevantly cited in the majority opinion.

Why else hold a suppression hearing that consumed an entire judicial day in which evidence was introduced and conflicting testimony was heard by the court? Of course, the primary concern of Kirkwood's counsel must have been the exclusion of the taped confessions. However, in the event the court denied his motion, he would no doubt have wanted a clear record preserved for the appellate review that is now impossible since the trial judge made no factual findings. This problem was well appreciated by the Court of Appeals in its *Kirkwood* opinion when Chief Judge Walters wrote:

> As an appellate court, we cannot resolve the ultimate question of voluntariness unless we know the basic facts—who did what, and who said what to whom. On these basic facts, where evidence in conflicting, we need findings by the trial judge. *Kirkwood, supra,* 110 Idaho at 99, 714 P.2d at 68.

Here the testimony of the police sharply conflicted with that of Kirkwood. Yet we are locked into the type of result-oriented appellate review that this Court so recently criticized:

> "Appellate review of judicial discretion should not be result-oriented. An appellate court should not focus primarily upon the outcome of a discretionary decision below, but upon the process by which the trial judge reached his decision. In order for the appellate court to perform this function properly, it must be informed of the reasons for the trial court's decision. Unless those reasons are obvious from the record itself, they must be stated by the trial judge. Where the reasons are neither obvious nor stated, the appellate court is left to speculate about the trial court's perception of the law and knowledge of the facts. As a practical matter, the appellate court finds itself locked into a result-oriented review." *Soria v. Sierra Pacific Airlines,* 111 Idaho 594, 609, 726 P.2d 706, 721 (1986) *(quoting Sheets v. Agro-West, Inc.,* 104 Idaho 880, 888–89, 664 P.2d 787, 795–96 (Ct.App.1983).

The majority finds strong proof of a voluntary confession in the fact that Kirkwood signed a statement waiving his *Miranda* rights. Such a statement does provide a convenient peg on which a court may hang its hat. However, no judge in the comfort and security of his or her chambers should doubt that it is possible to sign a piece of paper and still feel threatened into a confession. A loaded gun pointed at one's head by a young and nervous police officer, as Kirkwood testified, can convince anyone to be very cooperative when questioned.

Next, in an unworthy feat of mislabeling, the majority states that since Kirkwood's objection is based on I.C.R. 12, the "fundamental error" doctrine is not invoked because that doctrine relates to infringements upon constitutional rights, not rule violations. This statement ignores the fact that it is Kirkwood's Fifth Amendment right not to be forced to confess that stands behind the rule in this case. In addition, his Fourteenth Amendment right to due process is implicated since the con-

fession was admitted with no ruling on its voluntariness.

Finally, the majority contends that even fundamental rights may be waived by counsel's failure to object at trial to the introduction of evidence citing a raft of out-of-state authority. However, conspicuously absent from the opinion is perfectly good *Idaho* authority to the contrary. *See State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981); *State v. Cariaga,* 95 Idaho 900, 523 P.2d 32 (1974); and *State v. Haggard,* 94 Idaho 249, 486 P.2d 260 (1971). *LePage* dealt with, in significant part, the voluntariness of inculpatory statements made by the defendant to a police jailhouse informant. The Court held that the admission of such evidence affected the fairness of the trial and, therefore, the Court had inherent power to review the error despite the lack of an objection below.

The issue is fully preserved on appeal by the transcript of the day-long suppression hearing. Kirkwood's counsel may have thought an objection at trial was superfluous in light of the hearing. This Court could easily have construed then I.C.R. 12(d) to mean that a request for a factual hearing is a request for factual findings. It should do so and thus achieve substantial justice which the Court of Appeals properly attended to. 110 Idaho 97, 714 P.2d 66. Not over-extensive judicial resources have been inopportunely expended by interfering with the decision of that court which handles the brunt of the major portion of criminal appeals.