757 P.2d 240

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark MIDDLETON, Defendant–Appellant.**

No. 16637.

Court of Appeals of Idaho.

June 16, 1988.

Russell J. Gallagher, Coeur D'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion, dated May 5, 1988, is hereby withdrawn.

BURNETT, Judge.

In this criminal case, we are asked to determine the timeliness of an appeal and to decide whether an arrest was supported by probable cause. The case comes to us from the magistrate division of the district court in Kootenai County. Mark Middleton pled guilty to the misdemeanor offense of driving under the influence of alcohol. His guilty plea was conditioned upon retaining the right to challenge the denial of a motion to suppress evidence obtained during and after the administration of field sobriety tests. On appeal to the district court, the magistrate's order denying the suppression motion was upheld and the judgment of conviction, was affirmed. Today, we agree with the decision of the district court.

The facts gleaned from the record are as follows. One winter evening in 1984, an unidentified citizen approached law enforcement officers sitting in a cafe at Plummer, Idaho. The citizen said that a pickup truck had just struck his car, that he had followed the truck for a distance to obtain its license number, and that the vehicle was last seen continuing north on Highway 95. The officers inspected the citizen's car, seeing no visible damage.

Nonetheless, they decided to look for the truck.

Outside the town, the officers spotted moving taillights on a side road. The officers later testified that the road was frosty and that a single set of tire tracks was visible on the road. The tracks crossed the road's centerline three times. When the officers crested a hill they observed the taillights turn from the road into a driveway. The officers both stated that they continued following the tracks on the road and that the tracks also turned from the road directly into the driveway. The tracks continued roughly 150 to 200 yards from the road. At the end of the driveway the officers found a pickup parked with its engine off but the brake lights on. According to the officers a man was seated in the driver's seat. One officer approached the vehicle, opened the driver's door, and observed Middleton seated behind the wheel. He stated that Middleton was slouched but not fully slumped over. The officer also testified that he noticed an odor of alcohol.

Middleton's testimony painted a somewhat different picture of these events. He stated that he was standing beside the truck when the officers pulled up behind it. Middleton's wife also testified that she was inside the house and observed her husband standing beside his pickup when the officers arrived. In any event, it appears undisputed that one of the officers asked Middleton whether his pickup had struck another vehicle in Plummer. Middleton denied it. The officer then inspected the pickup for visible damage, finding none. However, he noted that the truck's license plate matched the number previously reported.

The second officer testified that in response to questions Middleton said he had consumed a few drinks in the afternoon. This officer also stated that Middleton smelled of alcohol and appeared unsteady while standing on the gravel driveway. The officers placed Middleton in the back seat of their patrol car and drove back to the paved road. There they pointed to the tire tracks in the frost and asked Middleton to perform some field sobriety tests.[1] In the officers' opinion, Middleton failed two out of three tests. Based on this performance, and on the preceding events, the officers determined that they had probable cause to arrest Middleton for driving under the influence of alcohol. Subsequently Middleton took a breathalyzer test, revealing a blood-alcohol level of .10 per cent.

Middleton later filed a motion to suppress evidence obtained during and after the field sobriety tests. Eventually the motion was denied. Rather than proceeding to trial, Middleton opted to plead guilty while retaining the right to challenge the suppression ruling.

I

Before we reach the merits of the appeal, we must discuss a jurisdictional issue interposed by the state. The state asserts that Middleton did not timely bring his first appeal from the magistrate division to the district court. The state contends that the notice of appeal was untimely because it was not filed within forty-two days of the entry of judgment. A failure of jurisdiction in the district court would invalidate the subsequent appeal to us. *See generally Briggs v. Golden Valley Land & Cattle Co.*, 97 Idaho 427, 546 P.2d 382 (1976).

It appears that the magistrate orally denied the motion to suppress before Middleton tendered his conditional plea. Judgment was entered upon the plea. More than a month elapsed before the magistrate entered a written order denying the suppression motion. Middleton filed his notice of appeal less than five days after the written order was entered. However, at that point more than forty-two days had elapsed since the entry of judgment. Nevertheless, we believe Middleton's appeal should be deemed timely.

Appeals to the district court in criminal cases are governed by I.C.R. 54. Rule

1. The officers explained that they administered the tests on the paved road, rather than on the gravel driveway, because the surface was smoother and the road's painted centerline served a purpose in the tests.

54(a), at times pertinent to these proceedings, provided as follows:

An appeal may be taken to the district judge's division of the district court from any of the following judgments, orders, or decisions rendered by a magistrate....

6. *An order made after judgment affecting the substantial rights of the defendant or the state....* [Emphasis added.]

Here, as noted, the order denying the motion to suppress was entered after judgment had been entered. Moreover, we think the order affected "substantial rights" of both Middleton and the state. The judgment was based on a plea that presumed a denial of the motion to suppress. Had the magistrate not entered such an order, the plea would have been defective and could have been overturned. The order validated the plea and, in turn, validated the judgment. In these unique circumstances we hold that the order came within Rule 54. The appeal was timely.

## II

We now discuss the merits of the suppression issue. Middleton contends that the results of the field sobriety tests, and ultimately of the breathalyzer test, were "fruits" of an illegal arrest. He contends that a *de facto* arrest occurred when he was placed in the patrol car in the driveway. In contrast, the state maintains that the arrest occurred when the officers made the formal announcement on the paved road, after the field sobriety tests had been administered. However, we need not resolve this dispute. For reasons we now explain, we believe that even if the arrest occurred at the earlier time suggested by Middleton, it was supported by probable cause.

■ Our standard for review of probable cause determinations is bifurcated. We defer to the lower court's findings of fact when supported by substantial evidence. We exercise *de novo* review over the question whether the facts as found constitute probable cause. *See, e.g., United States v. Greene,* 783 F.2d 1364 (9th Cir.), *cert. de-*

*nied,* 476 U.S. 1185, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986). Our difficulty in this case is that the magistrate entered no findings of fact.

■ However, the failure of the trial court to make findings of fact, when ruling on a suppression motion, does not automatically constitute reversible error. Where, as here, there has been no request for findings by either party under I.C.R. 12(d), our Supreme Court has stated that we should examine the record to determine the "implicit" findings which underlie the judge's order. "[T]he implicit findings of the trial court ... should be overturned only if not supported by substantial evidence." *State v. Kirkwood,* 111 Idaho 623, 625, 726 P.2d 735, 737 (1986). And, the Court continued, "[a]ll presumptions favor the [trial court's] exercise of [the power to weigh the evidence and to draw factual inferences].... [T]he trial court's findings on such matters, *whether express or implied,* must be upheld if they are supported by substantial evidence." *Id.* (emphasis and bracketed material supplied), *quoting People v. Lawler,* 9 Cal.3d 156, 107 Cal. Rptr. 13, 507 P.2d 621, 623 (1973). With this standard in mind we review the record, accepting as true any disputed facts that tend to show probable cause.

■ As noted above, the officers received information that a vehicle involved in a minor accident was heading north out of town. They pursued and eventually observed taillights. They followed the lights. While in pursuit they observed a single set of tire tracks weaving across the centerline. The tracks led directly to a pickup with a matching license plate. Middleton was seated in the driver's seat. When outside the truck, Middleton appeared unsteady. The officers smelled alcohol emanating from him. Middleton admitted having consumed alcohol during the day. Upon these facts, taken together, a reasonable person could form a well-founded belief that Middleton was under the influence of alcohol and that he had been driving a

motor vehicle. Accordingly, the officers had probable cause to arrest him for DUI.[2]

We acknowledge that the officers delayed announcing an arrest until the field sobriety tests had been administered. The officers may well have done so because they believed probable cause did not exist prior to that time. However, any such belief is not controlling. The presence or absence of probable cause is determined by a court upon the objective evidence in the case, not upon an officer's subjective impression. *See, e.g., State v. Cootz,* 110 Idaho 807, 718 P.2d 1245 (Ct.App.1986).

Accordingly, we join the district court in upholding the magistrate's order on the motion to suppress, and in affirming the judgment of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**2.** Unlike most misdemeanors, DUI is an offense for which police officers in Idaho may arrest upon probable cause, even though the offense is not committed in their presence. *See* I.C. § 49–1109.