The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

Daniel V. **SALLIS**, II, Defendant–Appellee.

No. 92CA0569.

Colorado Court of Appeals, Div. I.

July 15, 1993.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Deputy Dist. Atty., Laura Fisher, Intern Deputy Dist. Atty., Englewood, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge PIERCE.

In this prosecution for sexual assault on a child, the People appeal from a ruling of the trial court limiting the scope of cross-examination of defendant, Daniel V. Sallis, II, and from a ruling concerning the procedure followed in that cross-examination. We disapprove the rulings.

Defendant, a friend of the victim's mother, was accused of sexually assaulting the victim, a young boy, after having invited him on a motorcycle ride.

At trial, as a means to assist him in deciding whether to testify in his own defense, defendant requested a ruling as to the permissible scope of the prosecutor's cross-examination. Stating that it could not issue such a ruling without first hearing defendant's testimony, the trial court ordered that, if defendant took the stand, it would excuse the jury and require the prosecutor to conduct a mock cross-examination of defendant, at which time it would rule on any objections to the prosecutor's questions.

Defendant elected to testify and was cross-examined outside the presence of the jury. Following the cross-examination, the trial court identified seven questions that it would permit the prosecutor to ask. The trial court also ruled that questions relating to all other matters were beyond the scope of direct examination and would not be permitted.

Arguing that this ruling rendered any cross-examination "completely ineffective," the prosecutor declined to cross-examine defendant, and subsequently, he was acquitted.

## I.

■ On appeal, the People contend that the trial court abused its discretion in limiting the scope of its cross-examination of defendant. We agree.

■ Although the scope and limits of cross-examination are matters committed to the sound discretion of the trial court, its decisions thereon will be reversed on appeal if that discretion is abused. *People v. Diaz,* 644 P.2d 71 (Colo.App.1981). To constitute an abuse of discretion, the trial court's ruling must be arbitrary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987).

■ A criminal defendant who voluntarily takes the witness stand in his or her own defense waives the Fifth Amendment protection against self-incrimination to the extent necessary to permit effective cross-examination. *People v. Mozee,* 723 P.2d 117 (Colo.1986). In such a case, the defendant may be cross-examined in the same manner as any other witness. *See People v. Thiery,* 780 P.2d 8 (Colo.App.1989).

Here, on direct examination, defendant was asked only two questions: (1) whether he had invaded "the rectum or anus of [the victim] on the date and time that he alleges" and (2) whether he had "threatened [the victim] that if he was not silent that you would harm or kill his mother." To both questions, defendant responded: "No, I did not."

During the mock cross-examination, the prosecutor sought to ask defendant how defendant came to know the victim, whether he was aware the victim was shy, whether he had dinner with the victim and his mother a week after the motorcycle ride, and other details about his motorcycle ride with the victim. The trial court sustained objections to each of these questions on the ground that they exceeded the scope of defendant's general denial of assaulting or threatening the victim. However, the prosecutor was permitted to inquire as to the date of the motorcycle ride, whether the victim had been entrusted to his care during that ride, and whether he believed that the victim loved his mother.

Under the circumstances of this case, we conclude that the trial court construed the scope of defendant's direct examination in too restrictive a manner. In ruling on defendant's objections, the trial court stated:

> that if the defendant limits the scope of the inquiry of direct examination, if the defendant does take the stand, that I would limit the district attorney to areas which are specifically within that scope of the questions that are asked.

That test is improper because it is too restrictive.

■ In general, cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. CRE 611(b). However, this rule does not limit cross-examination to the same acts and facts to which a witness has testified on direct examination; rather, it must be liberally construed to permit cross-examination on any matter germane to the direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict, or rebut testimony given by the witness. *See United States v. Varoz,* 740 F.2d 772 (10th Cir.1984) (interpreting the identical Fed.R.Evid. 611(b)); *Leeper v. United States,* 446 F.2d 281 (10th Cir.1971). *See also McCormick on Evidence* § 21 at 84–85 (E. Cleary 4th ed. 1992). In addition, the prosecutor must be permitted to inquire as to the witness' motives, intentions, bias,

or prejudice. *See People v. Peterson*, 633 P.2d 1088 (Colo.App.1981).

■ If, as here, a defendant makes a general denial of the offense charged or as to a matter of ultimate fact, the prosecutor is not limited to a mere categorical review of the evidence testified to on direct examination. Rather, the prosecutor must be permitted to examine the defendant in detail as to matters generally referred to during direct examination. *See People v. Lanphear*, 26 Cal.3d 814, 163 Cal.Rptr. 601, 608 P.2d 689 (1980), *rev'd in part on other grounds*, 28 Cal.3d 463, 171 Cal Rptr. 505, 622 P.2d 950 (1981); *State v. Lamborn*, 452 S.W.2d 216 (Mo.1970).

Each of the prosecutor's proffered questions was reasonably related to the ultimate acts which defendant denied, and therefore, these questions were within the permissible scope of cross-examination. *See United States v. Varoz, supra.*

■ By limiting cross-examination to essentially a recitation of the evidence to which defendant testified on direct examination, the trial court denied the prosecutor an opportunity to develop fully the facts surrounding the incident and any inconsistencies in the defense. Without the ability to explore these issues, the function of the prosecutor's cross-examination was severely impeded. *See United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980).

Moreover, the trial court was inconsistent in ruling as to the scope of defendant's testimony on direct examination, even under the standard it chose to apply. Although it had ruled that questions concerning the circumstances leading up to and including defendant's motorcycle ride with the victim were beyond the scope of direct examination, it indicated that it would permit the prosecutor to ask questions regarding his subsequent contact with the victim, such as whether he had purchased a gift for the victim and whether he had offered to take care of the victim if his mother went to work.

Therefore, we conclude that the trial court erred in applying the rule it selected in limiting the scope of cross-examination. Because the prosecutor was thus prevented from effectively cross-examining defendant, we find sufficient prejudice to mandate disapproval. *See People v. Wolff*, 111 Colo. 46, 137 P.2d 693 (1943).

■ We also agree with the People that the procedure of conducting a mock cross-examination of defendant outside the presence of the jury was improper. Having waived the protection of the Fifth Amendment, a criminal defendant should not have the benefit of procedures that are not extended to other witnesses. *See People v. Mozee, supra; People v. Thiery, supra.* He must take his chances, as any other witness, and can only expect the limitations on cross-examination which have been previously set forth in this opinion.

The imbalance of this procedure was set forth by the People in its brief when it stated:

> It [the trial court] allowed the defendant the opportunity to plan the best possible responses to what it knew would be the prosecutor's questions. The interests of justice are not served through a rehearsal cross-examination when the search for truth is through effective inquiry.

In this case, defendant was permitted to place his version of the facts before the jury; however, the prosecution was not permitted to test the veracity of that testimony.

The rulings of the trial court are disapproved.

METZGER and DAVIDSON, JJ., concur.