Dwayne JEFFERSON, Plaintiff–Appellee,

v.

**COLORADO DEPARTMENT OF SOCIAL SERVICES, Defendant–Appellant.**

No. 92CA1472.

Colorado Court of Appeals, Div. I.

Oct. 7, 1993.

As Modified on Denial of Rehearing Dec. 23, 1993.

Certiorari Denied May 23, 1994.

the name of the petitioner, Dwayne Jefferson, as a known or suspected child abuser. The district court based its decision on the fact that the Administrative Law Judge (ALJ) excluded the petitioner from the hearing when the victim testified. The district court remanded the matter to the agency for a new hearing. We affirm.

Following an investigation, a report that the petitioner had committed an act of sexual abuse on a child was placed in the central registry of child protection. *See* § 19–3–313, C.R.S. (1993 Cum.Supp.). Subsequently, the petitioner requested that the director of the central registry expunge the report, which request was denied. Thereafter, pursuant to § 19–3–313(7)(a), C.R.S. (1993 Cum.Supp.), a hearing was held before an ALJ who affirmed the decision of the director. However, at that hearing the petitioner was excluded during the victim's testimony.

After exhausting his administrative remedies, *see* § 19–3–313(13), C.R.S. (1993 Cum. Supp.), the petitioner sought judicial review of the Department's decision. Relying on *In re Wolf,* 231 N.J.Super. 365, 555 A.2d 722 (1989), the district court concluded that the exclusion of the petitioner from the hearing during the victim's testimony was a violation of his due process rights.

The sole issue on appeal is whether this exclusion of the petitioner constitutes a violation of his right to due process. We conclude that it does.

■ In *Watso v. Dept. of Social Services,* 841 P.2d 299 (Colo.1992), the supreme court concluded that a post-deprivation hearing affords a person named on the central registry due process. The fundamental requisites of due process are notice and the opportunity to be heard. *Hendricks v. Industrial Claim Appeals Office,* 809 P.2d 1076 (Colo.App. 1990). If, as here, an administrative adjudication turns on questions of fact, due process requires that the parties be apprised of all the evidence to be submitted and considered and that they be afforded a reasonable opportunity in which to confront adverse witnesses and to present evidence and argument in support of their position. *Puncec v. Denver,* 28 Colo.App. 542, 475 P.2d 359 (1970).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wade Livingston, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joe Pickard & Associates, P.C., Doris A. Waters, Joe Pickard, Denver, for defendant-appellant.

Opinion by Judge NEY.

Respondent, the Colorado Department of Social Services (Department), appeals a district court judgment which vacated the final agency order denying a request to expunge from the central registry of child protection

■ The essence of the fundamental right to confront one's accuser is to meet adverse witnesses face-to-face and to have the opportunity to cross-examine them. The purpose of the right to confrontation and cross-examination is to prevent conviction by *ex parte* affidavits, to sift the conscience of the witness, and to test the recollection of the witness to determine if his or her story is worthy of belief. *See People v. District Court,* 719 P.2d 722 (Colo.1986) and *People v. Sallis,* 857 P.2d 572 (Colo.App.1993).

■ In the instant case, the limitation placed on petitioner's right of confrontation was that he was not allowed to meet his accuser face-to-face. The administrative determination here turned on questions of fact, *i.e.,* whether the incident occurred. Hence, the victim's credibility was at issue. *Cf. People v. Topping,* 764 P.2d 369 (Colo.App.1988), *aff'd,* 793 P.2d 1168 (Colo.1990) (face-to-face confrontation not denied when witness' credibility not at issue).

In addition, the ALJ's decision was based almost solely upon the victim's testimony. It is pure speculation to suggest that the victim's demeanor or her cross-examination would have been the same or that the ALJ would have reached the same conclusion had the petitioner been present during the victim's testimony.

Without deciding if a finding of special needs of the victim/witness would have permitted some restriction of the petitioner's presence, we note that the ALJ made no findings that the victim needed special protection from the petitioner. To the contrary, the victim's mother and petitioner had divorced, and, at the time of the hearing, the victim was 16 years old. Although the victim might have been more at ease when testifying without the petitioner present, there is no indication in the record that she would have suffered emotionally or mentally from his presence.

In addition, the ALJ did not provide any means by which the petitioner could hear or view the victim during her testimony. Furthermore, the petitioner was unable to communicate with his counsel except during a brief recess. Hence, under the circumstances here, we conclude that the petitioner

was denied his right to confrontation and, therefore, his right to due process.

Accordingly, the judgment is affirmed.

PIERCE and MARQUEZ, JJ., concur.