IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43528

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 637 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 15, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES ROCKY MEHALOS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for possession of methamphetamine, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

James Rocky Mehalos appeals from his judgment of conviction for possession of methamphetamine, challenging the denial of his motion to suppress evidence. Specifically, he argues the officer's warrantless search of his backpack unlawfully prolonged the duration of the initial traffic stop in violation of his Fourth Amendment rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mehalos was pulled over by an officer after speeding through a residential area. When the officer requested Mehalos's license, registration, and proof of insurance, Mehalos reached for his backpack. The officer, observing a knife clipped to the front of the backpack, removed the backpack from the car and placed it on the ground outside the vehicle. The officer questioned

1

Mehalos and learned that his license was suspended, he did not have insurance, and he had recently completed probation. Mehalos also informed the officer that he had a knife on his key chain. The officer called for a drug dog, and Mehalos was asked to get out of his car, frisked, and told to sit on a curb. The officer then asked Mehalos if she could search the backpack that she had removed from his vehicle. The following exchange is audible on the police audio recording of the encounter:

Officer: So, your backpack that I pulled out has a knife on it.
Mehalos: Yeah.
Officer: Is there anything in it that I need to be aware of?
Mehalos: No, Ma'am.
Officer: Do you mind if I check it?
Mehalos: Um, well, I've done nothing wrong, but go ahead.[1]
Officer: It's up to you.
Mehalos: Well, I would say no . . . (inaudible).[2]

The officer proceeded to search Mehalos's backpack, finding nothing illegal. While the officer was searching the backpack, the drug dog arrived. The dog entered the vehicle and alerted on a plastic bag containing methamphetamine, marijuana, and drug paraphernalia. The State charged Mehalos with possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, and driving without privileges. Mehalos filed a motion to suppress, arguing he was illegally seized and searched by the officer. The district court denied Mehalos's motion following an evidentiary hearing. Mehalos pled guilty to one count of possession of methamphetamine, Idaho Code § 37-2734A, reserving his right to appeal the denial of his motion to suppress. The other charges were dismissed. Mehalos timely appeals.

## II.

## ANALYSIS

Mehalos argues that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by

---

[1] Although the "go ahead" portion of the audio is somewhat difficult to distinguish, the parties do not dispute that this is what the audio reflects.

[2] Mehalos interprets this portion of the audio recording as, "Well, I would say no, if I have a choice (inaudible)." The State disputes this transcription. Upon review of the recording, we note that after Mehalos states, "Well, I would say no," the audio is very difficult to hear for approximately eight seconds, and it is not clear what Mehalos says during that time.

substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). This investigative detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004). In this regard, we focus on the intensity of the detention as well as its duration. *Id.*

Here, neither party contests the legality of the initial traffic stop. Rather, Mehalos asserts that the initial stop was unlawfully extended by the officer's illegal search of Mehalos's backpack, which allowed time for the drug dog to arrive. Mehalos argues the district court erred in finding that Mehalos consented to the officer's request to search the backpack. However, we need not resolve this disputed contention. We conclude that because the officer had probable cause to arrest Mehalos, any detention and search was independently justified, and thus the subsequent search was constitutionally permissible.

Where an investigative detention becomes too intrusive or takes longer than reasonably necessary to effectuate the purpose of the stop, the detention is said to have transformed into a de facto arrest. *See State v. Buti*, 131 Idaho 793, 796-97, 964 P.2d 660, 663-64 (1998). For a de facto arrest to be lawful, an officer must have probable cause to justify an arrest at the time

3

the investigative detention transforms into such an arrest. *Id.* Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). The presence or absence of probable cause is determined based upon the objective evidence in the case, not upon the officer's subjective impression of whether probable cause existed at the time. *State v. Middleton*, 114 Idaho 377, 381, 757 P.2d 240, 244 (Ct. App. 1988). If an officer has probable cause to believe a person committed even a minor crime in his or her presence, the officer is constitutionally justified in making a warrantless arrest. *Virginia v. Moore*, 553 U.S. 164, 171 (2008); *State v. Green*, 158 Idaho 884, 888-89, 354 P.3d 446, 450-51 (2015).

In *Green*, the Idaho Supreme Court addressed the issue of whether an officer's arrest of an individual for driving without a license is constitutionally reasonable. *Id.* at 886, 354 P.3d at 448. In that case, the officer stopped a vehicle for failing to maintain its lane. *Id.* at 885, 354 P.3d at 447. After discovering the driver did not have a valid driver's license, the officer arrested the driver. *Id.* In a search incident to that arrest, the officer discovered drugs and drug paraphernalia. *Id.* The defendant argued that the arrest was unlawful under I.C. § 49-1407[3] and sought to have the evidence suppressed. *Green*, 158 Idaho at 885, 354 P.3d at 447. The Court acknowledged that although driving without a license is not ordinarily an arrestable offense based on I.C. § 49-1407, the mere fact that the arrest was statutorily unlawful did not render it constitutionally unreasonable. *Green*, 158 Idaho at 888, 354 P.3d at 450. Therefore, the Court held that the officer's observation of the individual committing the misdemeanor crime was sufficient to establish probable cause to render the arrest constitutionally reasonable under both the Idaho and United States Constitutions. *Id*.

Here, similar to *Green*, the officer witnessed Mehalos driving the vehicle contrary to traffic laws. After the officer stopped Mehalos for speeding, Mehalos admitted to the officer that his driver's license was suspended, and he did not have insurance. At this point, based on the objective evidence in the case, the officer had probable cause to believe that Mehalos had committed the misdemeanor crime of driving without a license in her presence. Because there

---

[3] Idaho Code § 49-1407 establishes the specific conditions upon which an individual may be arrested for a traffic violation.

4

was probable cause in this case to justify an arrest of Mehalos, any prolonged investigatory detention was also justified.

Because the duration of the investigatory detention was independently justified by probable cause, there was not a constitutionally unreasonable seizure. Therefore, the evidence obtained as a result of the prolonged detention was not obtained in violation of Mehalos's Fourth Amendment rights. Accordingly, based on this alternate legal theory, we hold that the district court did not err in denying Mehalos's motion to suppress evidence.

## III.

## CONCLUSION

The officer had probable cause to support arresting Mehalos for driving without a license. Based on this probable cause, the prolonged detention of Mehalos was constitutionally reasonable. Therefore, the evidence obtained as a result of the prolonged detention did not violate the Fourth Amendment's protection against unreasonable searches and seizures. The judgment of conviction for possession of methamphetamine is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.