**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47003**

| | |
|---|---|
| **CHRISTOPHER D. GRIFFITH,** | ) |
| | ) **Filed:  June 12, 2020** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Bruce L. Pickett, District Judge.

Order denying motion to reopen post-conviction case, <u>affirmed</u>.

Christopher D. Griffith, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Christopher D. Griffith appeals pro se from the district court's denial of his motion to reopen his successive petition for post-conviction case.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A lengthy procedural history precedes this appeal.  In November 2002, a jury found Griffith guilty of first degree murder by aggravated battery of a child less than twelve years of age.  Idaho Code §§ 18-4001, 18-4003(d).  The district court sentenced Griffith to a unified term of life with twenty-two years determinate.  On direct appeal, this Court ruled, among other things, that the district court did not err by denying Griffith's motion for a new trial because the State's expert, Saami Shaibani, had falsified his expert qualifications, and this Court affirmed the judgment of conviction and sentence.  *State v. Griffith*, 144 Idaho 356, 358, 364-65, 161 P.3d

1

675, 677, 683-84 (Ct. App. 2007). Thereafter, in 2008, Griffith filed a petition for post-conviction relief, which the district court dismissed. Griffith did not appeal this dismissal.[1]

Then, in March 2013, Griffith filed a successive petition for post-conviction relief. In his successive petition, Griffith alleged his trial counsel was ineffective for various reasons, including for failing to call Scott Hill as a trial witness. In support, Griffith filed his own affidavit and Hill's affidavit, in which Hill attested he saw the victim's older sibling playing rough with the victim. The district court dismissed Griffith's successive petition as untimely, and this Court affirmed the dismissal, holding that "the district court correctly held that Griffith's petition was time-barred and an impermissible successive petition." *Griffith v. State*, Docket No. 41631 (Ct. App. May 11, 2015) (unpublished).

In January 2018, Griffith, acting pro se, filed a motion entitled "Motion to Reopen Post Conviction Case," which is at issue in this case. Griffith filed this motion under the same case number as that assigned to his successive petition. In support of his motion, Griffith filed for the first time the affidavit of his trial counsel in which he acknowledges various failures related to his defense of Griffith, including failure to call Griffith and Hill as trial witnesses and failure to investigate Shaibani's expert qualifications. This affidavit is dated in November 2016--more than a year before Griffith filed his motion to reopen in January 2018. Additionally, Griffith asserted the affidavits filed in his successive post-conviction action supported his motion to reopen. Griffith, however, did not cite any authority allowing him to "reopen" the case.

The State objected to Griffith's motion to reopen, arguing it failed to meet the standards of Rule 60 of the Idaho Rules of Civil Procedure. Specifically, the State cited Rule 60(b)(2), which provides a party relief from a judgment based on "newly discovered evidence." After Griffith filed a pro se reply to the State's Rule 60(b)(2) argument, the district court appointed legal counsel for Griffith and held a hearing on the motion. During that hearing, Griffith's appointed counsel acknowledged under his duty of candor to the court that Griffith has "some real issues with the statute of limitations."

---

[1] Although Griffith's initial petition for post-conviction relief is not in the record, this Court references that petition's dismissal in its decision affirming the dismissal of Griffith's successive petition. *Griffith v. State*, Docket No. 41631 (Ct. App. May 11, 2015) (unpublished) ("[I]n 2008 Griffith filed a petition for post-conviction relief. The district court denied relief on September 18, 2009. Griffith did not appeal.").

After the hearing, the district court issued a written decision addressing the merits of the issues Griffith's motion to reopen raised. The court noted that it had already rejected as untimely Griffith's claim of ineffective assistance of counsel for failing to call Hill as a trial witness when dismissing Griffith's successive petition. The court found that trial counsel's failure to investigate Shaibani's perjury was "readily and easily discoverable" by Griffith in 2007 when Griffith knew Shaibani had falsified his expert qualifications. Further, the court found that Griffith's delay in filing his trial counsel's affidavit for more than a year after it was signed was unreasonable. Finally, the court ruled that Griffith's delay was unreasonable because the evidence upon which he relied "was readily discoverable back in 2007, even prior to the first petition for post-conviction relief, even more unreasonable for the second petition, and further unreasonable for this motion to reopen the second petition for post-conviction relief." Ruling that Griffith lacked "justifiable reasons" for the delay in filing his motion, the court denied the motion.

Griffith, acting pro se, timely appeals.

## II.

## ANALYSIS

### A.      Grounds for Relief Under Rule 60(b)(6)

On appeal, Griffith argues the district court erred by not analyzing his motion to reopen under Rule 60(b)(6). It is well established that the Idaho Rules of Civil Procedure govern post-conviction actions which are civil in nature. *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020); *see also Eby v. State*, 148 Idaho 731, 736, 228 P.3d 998, 1003 (2010) (remanding for consideration of whether Rule 60(b)(6) provides petitioner relief in post-conviction action). It is also well-established, however, that a party may not raise an issue on appeal if that issue not was raised in the trial court, unless the issue was argued to or decided by the trial court. *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998).

In this case, Griffith never raised in the district court the issue of Rule 60(b)(6)'s applicability to his motion to reopen. Griffith neither cited Rule 60(b)(6) in support of his motion nor argued its application at the hearing. Although Griffith did respond to the State's argument that his motion failed to meet the standards of Rule 60(b)(2), the court did not rule on that issue, and regardless, Rule 60(b)(2) and (b)(6) are mutually exclusive provisions providing for relief on different bases. *See, e.g., Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

3

847, 863 (1988) (noting relief under Rule 60(b)(6) is only available if not premised on grounds for relief enumerated in (b)(1) through (b)(5)); *Pullin v. City of Kimberly*, 100 Idaho 34, 37 n.2, 592 P.2d 849, 852 n.2 (1979) ("[I]t is well settled that 60(b)(1) and 60(b)(6) are mutually exclusive provisions, such that a ground for relief asserted, falling fairly under 60(b)(1), cannot be granted under 60(b)(6)."); 11 FEDERAL PRACTICE AND PROCEDURE, § 2864 (3d ed.) ("[T]here is now much authority that the provisions [of Rule 60(b)] are mutually exclusive."). Rule 60(b)(6) is a catchall provision, and if a party's request for relief from a judgment may be premised upon a ground enumerated under Rule 60(b)(1) through (b)(5), then relief under (b)(6) is unavailable. *Liljeberg*, 486 U.S. at 863. For this reason, Griffith's reply in the district court to the State's reliance on Rule 60(b)(2) is inadequate to preserve for appeal the issue of whether Rule 60(b)(6) supported Griffith's motion.

Griffith did not rely on Rule 60(b)(6) to support his motion to reopen, and the district court did not rule on Rule 60(b)(6)'s application to that motion.[2] As a result, Griffith did not preserve the issue for appeal, and we decline to address whether the court erred by not analyzing Griffith's motion to reopen under the standards of Rule 60(b)(6). *DuValt*, 131 Idaho at 553, 961 P.2d at 644 (ruling issue not raised in trial court may not be raised on appeal).

**B.    Timeliness of Motion**

Griffith also argues the district court erred by concluding his motion to reopen was time-barred. Griffith's argument misconstrues the court's ruling. The court ruled that the claims Griffith was attempting to assert via his motion were time-barred on the merits. Specifically, the court ruled that Griffith's delay in raising the issues in his motion was unreasonable because "the evidence was readily discoverable back in 2007, even prior to the first petition for post-

---

[2]    For the first time on appeal, Griffith argues his appointed counsel who argued Griffith's motion to reopen provided ineffective assistance of counsel by failing to argue that Rule 60(b)(6) governed his motion and by acknowledging Griffith's untimeliness. Griffith, however, may not raise issues for the first time on appeal. *See State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) (ruling party may not raise issue for first time on appeal). More importantly, Griffith may not assert a claim for ineffective assistance of post-conviction counsel. The Idaho Supreme Court has held that a petitioner "has no statutory or constitutional right to effective assistance of post-conviction counsel." *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

4

conviction relief, even more unreasonable for the second petition, and further unreasonable for this motion to reopen the second petition for post-conviction relief."[3]

As the State notes, Griffith fails to challenge this ruling on the merits. Griffith provides neither any argument nor authority challenging the district court's ruling that he unreasonably delayed raising the issues in his motion to reopen because the evidence upon which he relies was either readily available to him or easily discoverable by him in 2007. "A party waives an issue on appeal if either authority or argument is lacking." *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Absent argument and authority, we decline to address the merits of the district court's ruling.

## III.

## CONCLUSION

Griffith failed to preserve his Rule 60(b)(6) argument for appeal and also failed to challenge on the merits the district court's ruling that Griffith unreasonably delayed raising the issues in his motion to reopen. Accordingly, we affirm the district court's order.

Judge GRATTON and Judge Pro Tem HORTON **CONCUR**.

---

[3] On reply, Griffith challenges the district court's conclusion that he was attempting to reopen his successive petition and contends his motion relates to his initial petition. This Court will not consider issues raised for the first time on reply. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Regardless, Griffith's argument is unpersuasive. Although he did not state in his motion which of his prior petitions he sought to reopen, Griffith filed his motion under the same civil case number as his untimely successive petition; he relies on the affidavits filed in that action to support his motion to reopen; and his initial petition is not in the record.