Filed 8/19/25  P. v. Lanphear CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064304 |
| v. | (Super. Ct. No. SCR35417) |
| RONALD EUGENE LANPHEAR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge. (Retired Judge of San Bern. Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1979, a jury found Ronald Eugene Lanphear guilty of first degree murder, and found true several special circumstances allegations. Initially, he was sentenced to death, but the California Supreme Court reversed the imposition of the death penalty twice. In 2023, Lanphear filed a form petition for resentencing of his murder conviction under Penal Code section 1172.6.[1] The trial court denied the petition, concluding Lanphear had failed to state a prima facie case for resentencing relief.

Lanphear appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), stating no arguable issues could result in a disposition more favorable to Lanphear (*id.* at p. 232). Lanphear filed a supplemental brief. As discussed below, after an independent review of the record and the appellate briefing, we find no reasonably arguable issue on appeal. We therefore affirm the postjudgment order.

I.

STATEMENT OF THE CASE

On November 27, 1978, the San Bernardino County District Attorney filed an information against Lanphear, charging him with the murder of Robert Unger (§ 187). The information also alleged that: (1) the murder was willful, deliberate and premeditated; (2) a firearm was used in the commission of the offense (§ 12022.5); and (3) Lanphear personally committed the murder during the commission of a robbery. As aggravating factors, the information alleged that Lanphear had murdered David Leipold in Kansas and an unidentified woman in New Mexico. It further alleged that

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

he had used force and violence to escape from a South Dakota county jail in July 1978, and that he was twice convicted of robbery in Iowa.

On March 6, 1979, a jury found Lanphear guilty of first degree murder. It found true the allegations that he acted with willful premeditation and deliberation, personally used a deadly weapon during the commission of the offense, and that "the murder of Robert Unger was personally committed by the Defendant during the commission of a robbery."

On March 7, 1979, the jury set the penalty at death. On December 10, 1990, the California Supreme Court affirmed the conviction, but reversed the imposition of the death penalty. (*People v. Lanphear* (1980) 28 Cal.3d 463, 464 [reiterating prior opinion in its entirety following U.S. Supreme Court's order vacating prior opinion and remanding for reconsideration in light of new law]; see also *People v. Lanphear* (1980) 26 Cal.3d 814 [prior opinion], vacated by *California v. Lanphear* (1980) 101 S.Ct. 57.) As relevant to this case, the high court explained that Lanphear challenged only "the identity of the killer. The evidence establishes that the victim was killed to facilitate his robbery either by Diana [Geisinger] or by defendant. The jury resolved the conflict in their testimony against defendant." (*People v. Lanphear*, *supra*, 26 Cal.3d at p. 825.)

Following remand, the information was amended to add an additional aggravating factor that Lanphear, while in prison, conspired with Ann Gifford to murder Geisinger. On December 15, 1981, a jury again returned a verdict of death. On June 4, 1984, the Supreme Court again reversed. (*People v. Lanphear* (1984) 36 Cal.3d 163, 169.) Subsequently, Lanphear was sentenced to life without the possibility of parole.

## II.

### PETITION FOR RESENTENCING RELIEF

On June 13, 2023, Lanphear filed a form petition to vacate his murder conviction. In response, the district attorney requested the trial court deny the petition at a prima facie hearing. The district attorney argued Lanphear was ineligible for resentencing relief as the actual killer or direct aider and abettor. Lanphear filed a response arguing the special circumstance finding did not preclude him from resentencing relief.

Following the prima facie hearing, the trial court denied the resentencing petition.

## III.

### DISCUSSION

Section 1172.6, subdivision (a) provides in relevant part that a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A . . . information was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of . . . murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of . . . murder because of changes to Section 188 or 189 made effective January 1, 2019." The petitioner has the burden of making a prima facie case for relief. The prima facie stage bar is

4

"'very low,'" but not nonexistent. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

In the *Delgadillo* brief, counsel identifies two related issues for our consideration. First, does the special circumstance finding, which predated *People v. Banks* (2015) 61 Cal.4th 788 (*Bank*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), preclude relief given the Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*)? Second, does the record of conviction show that Lanphear is ineligible for relief as a matter of law?

In *Strong*, *supra*, 13 Cal.5th 698, the Supreme Court addressed a felony-murder special circumstance finding that the defendant was a "'major participant' who acted 'with reckless indifference to human life.'" (*Id.* at p. 703.) The high court noted that "*Banks* and *Clark* both substantially clarified the law governing [felony-murder special circumstance] findings . . . : *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Id.* at p. 706–707.) The

5

court stated: "It is . . . undisputed that findings made after *Banks* and *Clark* ordinarily establish a defendant's ineligibility for resentencing under Senate Bill 1437." (*Id*. at p. 710.) However, "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Ibid*.)

Here, the jury did not make a felony-murder special circumstance finding that Lanphear was a major participant who acted with reckless indifference to human life. Rather, it found he personally committed the murder of the victim in the commission of a robbery. Additionally, the jury instruction for this special circumstance finding did not reference major participant or reckless indifference to human life. Thus, *Strong* is inapplicable.

Second, the record of conviction establishes Lanphear is ineligible for relief. A review of the record of conviction, including the closing arguments, establishes the jury was asked to determine whether Lanphear or Geisinger committed the murder. No other person was identified as the possible killer. In his prima facie brief below and his supplemental briefing on appeal, Lanphear does not suggest a third person was the killer. (See *People v. Patton* (2025) 17 Cal.5th 549, 567 ["A dispute regarding the basis of a conviction might arise if, for instance, a petitioner points to specific facts that identify someone else as the direct perpetrator. . . [b]ut . . . a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion"].) In finding that Lanphear personally committed the murder during the commission of a robbery and that he personally used a firearm to commit the murder, the jury rejected the defense theory that

Geisinger was the actual killer. In sum, the jury's findings establish Lanphear was ineligible for relief as a matter of law.

In his supplemental brief, Lanphear asserts, without citation to the record or a sworn declaration, that at his second penalty trial in 1984, he became aware that Geisinger had been hypnotized, presumably to allow her to recall certain memories. He argues the late disclosure constituted a violation of *Brady v. Maryland* (1963) 373 U.S. 83. Lanphear has not shown how this issue is relevant to the trial court's ruling on his resentencing petition.

Our review of the entire record does not show the existence of an arguable issue. (*Wende, supra,* 25 Cal.3d at pp. 442–443.) Consequently, we affirm the postjudgment order.

DISPOSITION

The postjudgment order denying Lanphear's petition for resentencing is affirmed.

DELANEY, ACTING P.J.

WE CONCUR:

GOODING, J.

SCOTT, J.